# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>Highland Capital Management LP,<br><br>*Debtor,* | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| Charitable DAF Fund, L.P.,<br><br>*Plaintiff-Appellant,*<br><br>v.<br><br>Alvarez & Marsal CRF Management, LLC<br><br>*Defendant-Appellee.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:25-cv-00236-L<br><br>*On Appeal from the United States Bankruptcy Court for the Northern District of Texas, Dallas Division Adversary Proceeding No. 24-03073-sgj* |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S
## MOTION FOR LEAVE TO FILE INTERLOCUTORY APPEAL

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ...........................................................................................................1

II. LEGAL STANDARD .....................................................................................................2

III. ARGUMENT ...................................................................................................................3

    A. Immediate Appeal Would Not Materially Advance the Ultimate Termination of the Litigation ...............................................................................4

    B. There Is No Substantial Ground for Difference of Opinion ..................................6

        1. There Is No Substantial Ground for Difference of Opinion Regarding "Related to" Jurisdiction ............................................................7

        2. There Is No Substantial Ground for Difference of Opinion Regarding Mandatory Abstention .................................................................9

IV. CONCLUSION ..............................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**Cases**

*In re Avado Brands, Inc.*,
  2007 WL 2241660 (N.D. Tex. Aug. 3, 2007) ................................................................ 6, 7

*CERx Pharmacy Partners LP v. Provider Meds LP*,
  2014 WL 6673465 (N.D. Tex. Nov. 25, 2014) ................................................................. 6

*Clark-Dietz & Assoc. v. Basic Construction*,
  702 F.2d 67 (5th Cir. 1983) ............................................................................................. 3

*Coates v. Brazoria Cnty. Tex.*,
  919 F. Supp. 2d 863 (S.D. Tex. 2013) ............................................................................. 4

*Coopers & Lybrand v. Livesay*,
  437 U.S. 463 (1978) ......................................................................................................... 2

*Couch v. Telescope Inc.*,
  611 F.3d 629 (9th Cir. 2010) ........................................................................................... 6

*In re Craig's Stores of Tex., Inc.*,
  266 F.3d 388 (5th Cir. 2001) ........................................................................................... 8

*In re Dune Energy, Inc.*,
  575 B.R. 716 (Bankr. W.D. Tex. 2017) ........................................................................ 8, 9

*Endrex Exploration Co. v. Pampell*,
  97 B.R. 316 (N.D. Tex. 1989) ......................................................................................... 5

*Galaz v. Katona (In re Galaz)*,
  841 F.3d 316 (5th Cir. 2016) ........................................................................................... 8

*In re GenOn Mid-Atl. Dev., L.L.C.*,
  42 F.4th 523 (5th Cir. 2022) ........................................................................................ 7, 10

*Guerra & Moore, Ltd., LLC v. Cantu*,
  2012 WL 13240314 (S.D. Tex. Feb. 24, 2012) ............................................................. 10

*In re Hallwood Energy, L.P.*,
  No. 3:12-CV-1902-G, 2013 WL 524418 (N.D. Tex. Feb. 11, 2013) .............................. 3

*In re Hunt Intern. Res. Corp.*,
  57 B.R. 371 (N.D. Tex. 1985) ......................................................................................... 2

*In re Mugica*,
  362 B.R. 782 (Bankr. S.D. Tex. 2007) ........................................................................ 9, 10

*Odle v. Wal–Mart Stores Inc.*,
  2013 WL 66035 (N.D. Tex. Jan. 7, 2013) ....................................................................... 3

*Panda Energy Intern., Inc. v. Factory Mut. Ins.*,
 No. 3:10-CV-003-K, 2011 WL 610016 (N.D. Tex. Feb. 14, 2011) ...................................1, 3, 5

*In re Permian ER II, LLC*,
 No. MO:18-CV-00080-DC, 2019 WL 13254194 (W.D. Tex. Mar. 20, 2019)..................2, 3, 5

*In re Piranha, Inc.*,
 297 B.R. 78 (N.D. Tex. 2003), *aff'd*, 83 Fed. App'x 19 (5th Cir. 2003)..................................5

*Pompa v. Wells Fargo Home Mortg., Inc. (In re Pompa)*,
 No. 06-31759, 2012 Bankr. LEXIS 3051 (Bankr. S.D. Tex. 2012) .........................................9

*In re Red River Energy, Inc.*,
 415 B.R. 280 (S.D. Tex. 2009) ........................................................................................3, 4, 6

*Rico v. Flores*,
 481 F.3d 234 (5th Cir. 2007) ...................................................................................................3

*In re Royce Homes LP*,
 466 B.R. 81 (S.D. Tex. 2012) ..................................................................................................3

*Spencer Ad Hoc Equity Comm. v. Idearc, Inc.*,
 No. 09-CV-2315-F, 2010 WL 11618165 (N.D. Tex. May 14, 2010)................................2, 5, 6

*Struthers Sci. & Intern. Corp. v. Gen. Foods Corp.*,
 290 F. Supp. 122 (S.D. Tex. 1968) ..........................................................................................3

*Texas v. Ysleta del Sur Pueblo*,
 370 F. Supp. 3d 705 (W.D. Tex. 2018)....................................................................................6

*Travelers Casualty & Surety Co. of America v. Bailey*,
 557 U.S. 137 (2009)..................................................................................................................8

*United States v. Garner*,
 749 F.2d 281 (5th Cir. 1985) ...................................................................................................3

*In re With Purpose, Inc.*,
 654 B.R. 715 (Bankr. N.D. Tex. 2023)..................................................................................10

**Statutes**

28 U.S.C. § 1334(c)(2)..................................................................................................................10

Defendant Alvarez & Marsal CRF Management, LLC ("A&M") files this opposition to Plaintiff Charitable DAF Fund, L.P.'s ("DAF") Motion for Leave to File Interlocutory Appeal ("Motion"). For the reasons stated herein, DAF's Motion should be denied.

## I.     INTRODUCTION

DAF's lengthy and rambling litany of complaints about the bankruptcy court's decision[1] obscures DAF's utter failure to satisfy the high bar it must clear before the Court can even *consider* exercising its discretion to permit leave to appeal an interlocutory order—namely, demonstrating "(1) a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of the litigation." *Panda Energy Intern., Inc. v. Factory Mut. Ins.*, No. 3:10-CV-003-K, 2011 WL 610016, at *4 (N.D. Tex. Feb. 14, 2011).

In finding the existence of "related to" bankruptcy jurisdiction under 28 U.S.C. § 1334(b) and denying DAF's motion to remand, the bankruptcy court followed the well-established case law of the Fifth Circuit—the very authority that DAF contends is applicable—and applied that authority to the particular facts of this case. The bankruptcy court is intimately familiar with the facts of this case, the provisions of the confirmed plan of reorganization (the "Plan"), and prior efforts by James Dondero and related entities (like DAF) to bring claims related to the sale of the Crusader Funds' bankruptcy claims; the court's decision that the claims asserted by DAF implicate the Plan and the court's other orders on these topics was well-supported.

To be sure, DAF disagrees with the bankruptcy court's analysis. But mere disagreement is not a ground for upending the usual course of litigation, which defers appellate review until the

---

[1] Memorandum Opinion and Order Denying Motion to Remand of Charitable DAF Fund, L.P., entered Jan. 14, 2025 (Dkt. Nos. 21 & 22) (the "Order").

1

end of the case, and does not justify granting leave to appeal here. Indeed, DAF's argument as to why an immediate appeal would materially advance the ultimate termination of the litigation is simply that the underlying issue relates to the bankruptcy court's "authority to hear and dispose of the claims in this case." Mot. ¶ 22. But that same argument could be made in *any* case involving subject matter jurisdiction—or any other "threshold" issue (*id.* ¶ 2)—and has repeatedly been rejected as a basis for granting leave to take an interlocutory appeal. *See, e.g., In re Permian ER II, LLC*, No. MO:18-CV-00080-DC, 2019 WL 13254194, at *6 (W.D. Tex. Mar. 20, 2019) (denying leave to appeal bankruptcy court order concerning subject matter jurisdiction); *Spencer Ad Hoc Equity Comm. v. Idearc, Inc.*, No. 09-CV-2315-F, 2010 WL 11618165, at *2 (N.D. Tex. May 14, 2010) (same).

As further explained below, DAF's motion for leave to appeal should be denied.

## II.    LEGAL STANDARD

"Leave to appeal an interlocutory order of a Bankruptcy Judge under 28 U.S.C. § 1334(b) . . . should be granted only where circumstances are present which justify overriding the general policy of not allowing such appeals. Because interlocutory appeals interfere with the overriding goal of the bankruptcy system, expeditious resolution of pressing economic difficulties, they are not favored." *In re Hunt Intern. Res. Corp.*, 57 B.R. 371, 372 (N.D. Tex. 1985) (internal citations omitted); *see also Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 (1978) (explaining that movants bear "the burden of persuading the [court] that exceptional circumstances justify a departure from the basic policy of postponing appellate review until after the entry of a final judgment").

In the Fifth Circuit, a movant must satisfy three requirements before courts will consider granting leave to appeal, namely that the appeal must involve "(1) a controlling question of law; (2) there is substantial ground for difference of opinion; and (3) an immediate appeal would

materially advance the ultimate termination of the litigation. Every ground in § 1292(b) must be met in order for the interlocutory appeal to be considered; these are not factors to be weighed and balanced." *Panda Energy*, 2011 WL 610016, at *4 (citations omitted); *see In re Royce Homes LP*, 466 B.R. 81, 93 (S.D. Tex. 2012) (collecting Fifth Circuit district court cases that employ the 28 U.S.C. § 1292(b) factors in determining whether to grant a motion for leave to file interlocutory appeal); *see also Rico v. Flores*, 481 F.3d 234 (5th Cir. 2007).

"Generally, interlocutory appeals are 'sparingly granted' and reserved for 'exceptional' cases." *In re Hallwood Energy, L.P.*, No. 3:12-CV-1902-G, 2013 WL 524418, at *2 (N.D. Tex. Feb. 11, 2013) (citing *Odle v. Wal–Mart Stores Inc.*, 2013 WL 66035, at *2 (N.D. Tex. Jan. 7, 2013) (citing *United States v. Garner*, 749 F.2d 281, 286 (5th Cir. 1985)). This is because "the basic policy of appellate jurisdiction strongly disfavors piecemeal appeals." *In re Red River Energy, Inc.*, 415 B.R. 280, 284 (S.D. Tex. 2009) (citing *Clark-Dietz & Assoc. v. Basic Construction*, 702 F.2d 67, 69 (5th Cir. 1983)); *see also Struthers Sci. & Intern. Corp. v. Gen. Foods Corp.*, 290 F. Supp. 122, 130 (S.D. Tex. 1968). Specifically, a court should permit interlocutory appeals only when "allowing such an appeal would avoid protracted and expensive litigation." *Permian ER II*, 2019 WL 13254194, at *6.

### III.   ARGUMENT

DAF's motion for leave to appeal fails because it does not meet two of the three requirements for an interlocutory appeal—namely, that there is substantial ground for difference of opinion on the controlling question of law, and that immediate appeal would materially advance the ultimate termination of the litigation. DAF's motion is devoted almost entirely to its disagreements with the bankruptcy court on the substantive issues of jurisdiction and abstention, but it devotes almost no space to explaining why this case is the exceptional one in which an

immediate appeal would materially advance the ultimate termination of the litigation—which alone is fatal to DAF's motion.

A. **Immediate Appeal Would Not Materially Advance the Ultimate Termination of the Litigation**

This analysis requires the Court to "evaluate the stage of litigation and weigh the disruptive effect of an immediate appeal on the Bankruptcy Court proceedings against the probability that resources will be wasted in allowing those proceedings to go forward." *Red River*, 415 B.R. at 286. Interlocutory appeals "represent a rarely used exception to the strong judicial policy disfavoring piecemeal appeals." *Coates v. Brazoria Cnty. Tex.*, 919 F. Supp. 2d 863, 866 (S.D. Tex. 2013). Piecemeal appeals are exactly what would result here as DAF pushes this Court to consider its appeal on subject matter jurisdiction before resolution of all other matters in the bankruptcy court.

As noted above, DAF barely addresses the requirement to show that immediate appeal would materially advance the ultimate termination of the litigation. Its argument is nothing more than the assertion that because DAF challenges subject matter jurisdiction, "if the bankruptcy court does indeed lack subject matter jurisdiction, the parties will have wasted valuable resources and will have to 'do it all over again.'" Mot. ¶ 22.

But that argument does not distinguish this case from any other in which a party has challenged a court's subject matter jurisdiction—or any number of other threshold issues that, if found in favor of the party seeking leave to appeal, would terminate the existing litigation. And yet DAF cites nothing to support its (implied) contention that, standing alone, a challenge to subject matter jurisdiction (or other threshold questions about the court's authority) necessarily justifies an interlocutory appeal. Indeed, courts in this Circuit frequently deny motions for leave

4

to appeal despite questions about the lower court's subject matter jurisdiction. *See, e.g., Permian ER II*, 2019 WL 13254194, at *6; *Spencer Ad Hoc Equity Comm.*, 2010 WL 11618165, at *2.

Moreover, DAF's argument about advancing the termination of the litigation improperly assumes that DAF is right on the merits. *See* Mot. ¶ 22 ("**if** the bankruptcy court does indeed lack subject matter jurisdiction…") (emphasis added). Equally likely (if not more so) is the possibility that the bankruptcy court has subject matter jurisdiction, and that allowing an interlocutory appeal at this point will end up *multiplying* the number of appeals and unnecessarily *extending* the resolution of this litigation—thereby wasting the parties' and the Court's resources. Ultimately, DAF will have its right to challenge the bankruptcy court's Order on appeal. But DAF has come nowhere close to establishing that overall case and judicial efficiency warrants disrupting the ordinary course of litigation by allowing a piecemeal appeal now.

Just as the court stated in *Panda Energy* when it determined that an appeal would not materially advance the litigation, "the bankruptcy court is already intimately familiar with the subject matter of this lawsuit and the bankruptcy court is well-suited to interpret its own orders." 2011 WL 610016, at *5. And the Fifth Circuit has counseled that "[t]he bankruptcy judge's 'unique perspective to evaluate the witnesses and to consider the entire context of the evidence must be respected.'" *In re Piranha, Inc.*, 297 B.R. 78, 80 (N.D. Tex. 2003), *aff'd*, 83 Fed. App'x 19 (5th Cir. 2003) (quoting *Endrex Exploration Co. v. Pampell*, 97 B.R. 316, 323 (N.D. Tex. 1989)). Additionally, like here, the *Panda Energy* court found that the plaintiff "still retains the ability to appeal the bankruptcy court's decision when a final order is entered in the case, and at that point the district court will be presented with a well-developed record." 2011 WL 610016, at *5. DAF fails to explain why this established avenue for appeal is insufficient.

5

### B.   There Is No Substantial Ground for Difference of Opinion

DAF also fails to show "a substantial ground for difference of opinion" on the issues of jurisdiction and abstention, which requires "an unsettled state of law or judicial opinion, not mere discontent by the appealing party." *Spencer Ad Hoc Equity Comm.*, 2010 WL 11618165, at *2 (quoting *In re Avado Brands, Inc.*, 2007 WL 2241660, at *1 (N.D. Tex. Aug. 3, 2007) (internal citations omitted)); *Texas v. Ysleta del Sur Pueblo*, 370 F. Supp. 3d 705, 710 (W.D. Tex. 2018) ("If fervent disagreement [between the parties] was sufficient to satisfy this requirement, then the majority of orders issued by district courts would be ripe for interlocutory appeal."); *see also CERx Pharmacy Partners LP v. Provider Meds LP,* No. 3:14-CV-1785-L, 2014 WL 6673465, at *3 (N.D. Tex. Nov. 25, 2014) (Lindsay, J.) (denying leave to appeal interlocutory order because "[t]here is no indication that the bankruptcy court ruled 'in a manner which appears contrary to the ruling of all Courts of Appeals which have reached the issue' nor does Appellant contend that there is a split among the circuits on a question that the Fifth Circuit has not addressed") (citation omitted). Additionally, "[t]he claim that a case has been wrongly decided is not enough to justify an interlocutory appeal." *Avado Brands*, 2007 WL 2241660, at *1.  Neither is it sufficient "that the order for which appeal is sought presents a difficult ruling" nor that there is "a lack of authority on the issue." *Red River*, 415 B.R. at 285.  Further, "just because a court is the first to rule on a particular question . . . does not mean there is such a substantial difference of opinion as will support an interlocutory appeal. *Ysleta del Sur Pueblo*, 370 F. Supp. 3d at 710 (quoting *Couch v. Telescope Inc.*, 611 F.3d 629, 633 (9th Cir. 2010) (denying leave to appeal where "even though the issue presented here is novel and the parties disagree about how it should be decided, there is no substantial ground for difference of opinion")).

### 1. There Is No Substantial Ground for Difference of Opinion Regarding "Related to" Jurisdiction

DAF fails to show that there is substantial difference of opinion on "[t]he controlling issue of law [of] whether the bankruptcy court has subject matter jurisdiction over the State Court Action under 28 U.S.C. § 1334." *See* Mot. ¶ 23. Making largely the same arguments as in its motion for remand, DAF spends pages rehashing the facts of this case and attempting to argue that the bankruptcy court got it wrong—but as noted above, this is simply "not enough to justify an interlocutory appeal." *Avado Brands*, 2007 WL 2241660, at *1; *see also* Mot. ¶¶ 23–36 (asserting in ¶ 36 that "the bankruptcy court's decision conflicts with these authorities . . . demonstrating a disagreement in opinion"). Showing that other courts, **on other sets of facts**, reached a different outcome than the bankruptcy court did here falls far short of demonstrating a substantial difference of opinion.

Indeed, there is no dispute that the bankruptcy court here cited the correct governing authority, and applied the correct test regarding post-confirmation bankruptcy subject matter jurisdiction. *Compare* Mot. ¶ 25 (quoting *In re GenOn Mid-Atl. Dev., L.L.C.*, 42 F.4th 523, 535 (5th Cir. 2022), and arguing that "jurisdiction hinges on one question: Did [the removed] claims 'pertain to the implementation or execution' of [the confirmed] reorganization plan …?") *with* Order at 23 (citing *In re GenOn* for the proposition that jurisdiction "boils down to **one overarching question**: Does the dispute 'pertain to the implementation or execution' of the debtor's reorganization plan?") (emphasis in original).

The bankruptcy court then went on to explain precisely how this dispute pertains to the implementation or execution of the Plan in this case, and how DAF's claims implicate the Plan, the Gatekeeper Provision that is part of the confirmed Plan, the bankruptcy court's prior order approving the settlement of the Crusader Funds' bankruptcy claims (which became an "integral

7

component[] of the implementation and execution of the Plan"), and the court's prior order denying leave to another creditor to bring claims arising out of the same facts and circumstances as DAF's claims.  *See* Order at 23-26.  These facts and circumstances satisfy the standard for bankruptcy jurisdiction here, even if different cases, on different facts, reached different results.  *See, e.g., id.* at 25 (distinguishing *In re Craig's Stores of Tex., Inc.,* 266 F.3d 388, 390 (5th Cir. 2001), because "the claims in the Second Amended Petition here principally deal with relations between the parties that occurred pre-confirmation").  DAF points to no authority from the Fifth Circuit or otherwise suggesting that there is substantial ground for difference of opinion with regard to the exercise of "related to" jurisdiction *on the unique facts of this case*.

Given that its prior orders are implicated by DAF's claims, the bankruptcy court also noted that "a bankruptcy court always has subject matter jurisdiction to interpret and enforce its own orders and to assure that the rights afforded to a debtor under the Bankruptcy Code are fully vindicated."  Order at 25-26.  DAF challenges the bankruptcy court's ruling on this point by claiming that "[t]he Court cites no authority for this proposition."  Mot. ¶ 13(e) n.15.  But DAF is just wrong:  The bankruptcy court cited to *Travelers Casualty & Surety Co. of America v. Bailey*, 557 U.S. 137, 151 (2009), and *Galaz v. Katona (In re Galaz)*, 841 F.3d 316, 322 (5th Cir. 2016), for these precise points.  Order at 23.

Also far afield is DAF's strawman argument that "the assertion of a defense based on the interpretation of the confirmed plan or order of a bankruptcy court is not sufficient to invoke bankruptcy jurisdiction."  Mot. ¶ 36.  The case DAF cites for this proposition is clear that "the assertion of a defense based on an interpretation of the confirmed plan or order of a bankruptcy court is not sufficient to invoke *'core'* bankruptcy jurisdiction."  *In re Dune Energy, Inc.*, 575 B.R. 716, 728 (Bankr. W.D. Tex. 2017) (emphasis added).  "Core" bankruptcy jurisdiction is not at issue

8

here. And *Dune Energy* concluded, just as the bankruptcy court here did, that "related to" jurisdiction did exist. *Id.* at 725.[2]

### 2. There Is No Substantial Ground for Difference of Opinion Regarding Mandatory Abstention

DAF also contends that the bankruptcy court erred by not abstaining from hearing this action under 28 U.S.C. § 1334(c)(2), which, DAF contends, is at odds with *In re Mugica*, 362 B.R. 782 (Bankr. S.D. Tex. 2007). *See* Mot. ¶¶ 39-45. But DAF both misreads *Mugica* and misconstrues the bankruptcy court's Order here.

The portion of *Mugica* cited by DAF, where that court was discussing diversity jurisdiction, had nothing to do with mandatory abstention or the requirements of Section 1334(c)(2). Rather, as *Mugica* makes clear, the defendant there argued that, as a result of post-filing dismissals of various defendants, diversity jurisdiction existed, justifying retention in federal court even though such jurisdiction did not exist upon commencement of the action. *See* 362 B.R. at 787 ("Defendant asserts that remand is not necessary if a separate basis for federal jurisdiction, apart from 28 U.S.C. § 1334 exists. Defendant asserts that the 'separate basis' is the newly created diversity jurisdiction."). The court rejected that argument as inconsistent with the requirement in 28 U.S.C. § 1446(c) that removal on the basis of diversity occur no later than one year after commencement of the action. Only then did the court move on to consider the issue of mandatory abstention.

Here, A&M does not argue that it had a right to remove this case based on diversity jurisdiction—and therefore A&M did not have the burden to demonstrate, and the bankruptcy court

---

[2] Neither A&M nor the bankruptcy court asserted that the mere existence of "shared facts" was a basis for subject matter jurisdiction, making DAF's argument on that issue beside the point, and certainly insufficient to show a substantial ground for difference of opinion. *See* Mot. ¶ 33. Similarly, given how all of DAF's claims evolved to implicate A&M's handling of the Crusader Funds' bankruptcy claims against the debtor, the bankruptcy court was well-justified in concluding that it had bankruptcy jurisdiction over all of DAF's claims. This conclusion is consistent with *Pompa v. Wells Fargo Home Mortg., Inc. (In re Pompa)*, No. 06-31759, 2012 Bankr. LEXIS 3051 (Bankr. S.D. Tex. 2012), where the court reached a similar result.

9

did not have to "conclusively find that diversity jurisdiction exists." Mot. ¶ 41. Rather, in moving for mandatory abstention, DAF had the burden to demonstrate, among other elements, that "an action could not have been commenced in a court of the United States absent jurisdiction under this section." 28 U.S.C. § 1334(c)(2); *see also In re With Purpose, Inc.*, 654 B.R. 715, 729 (Bankr. N.D. Tex. 2023) ("[I]f a motion to abstain is disputed, the burden is on the moving party to show mandatory abstention applies") (citing, *inter alia*, *Mugica*, 362 B.R. at 793); *Guerra & Moore, Ltd., LLC v. Cantu*, 2012 WL 13240314, at *4 (S.D. Tex. Feb. 24, 2012) ("The party seeking mandatory abstention carries the burden of establishing these requirements, and the failure to satisfy even one factor will be fatal.") (cleaned up).

In its motion to remand, DAF failed entirely to address whether the state law claims against A&M could have been commenced in federal court absent bankruptcy jurisdiction. In A&M's opposition, A&M noted that the amount in controversy exceeds $75,000, and the parties appear to be diverse because DAF is a Cayman limited partnership and A&M is a Delaware LLC. DAF's reply did not challenge the existence of diversity jurisdiction at commencement of the action, instead arguing only that A&M did not remove on that basis and could not do so now. Just as in its current motion, that is the wrong question: As the Fifth Circuit has held, the proper question is not whether the defendant could have (or did) *remove* on another basis, but whether an action on the claim could have been *commenced* in federal court. *In re GenOn*, 42 F.4th at 540. And because DAF had the burden of showing that it could not have done so, but did not address that at all, it failed to meet its burden on this element of the abstention test, as the bankruptcy court held. Order at 28.

The bankruptcy court's decision on the ability of the state court to timely adjudicate the dispute is also not inconsistent with *Mugica*. Here, unlike in *Mugica*, it was DAF that chose to

10

amend its petition, which "added new claims entirely unrelated to those originally pleaded, which will effectively restart the schedule" and "inevitably require a substantial extension" of the schedule. Order at 28. The bankruptcy court's finding on this issue was fully justified on the facts here, and certainly does not give rise to a substantial ground for difference of opinion.

* * *

For these reasons, DAF has failed to show a substantial ground for difference of opinion on the controlling questions of law.

## IV.  CONCLUSION

A&M respectfully requests that the Court deny DAF's Motion for Leave to File Interlocutory Appeal.

Dated: February 11, 2025

Respectfully submitted,

By: */s/ John T. Cox III*
John T. Cox III
Texas Bar No. 24003722
Andrea Calhoun
Texas Bar No. 24116697
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Ste. 2100
Dallas, Texas 75201-2923
Telephone: (214) 698-3256
Facsimile: (214) 571-2923
TCox@gibsondunn.com
acalhoun@gibsondunn.com

Marshall King (*Pro Hac*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3905
Facsimile: (212) 351-5243
mking@gibsondunn.com

*Counsel for Defendant*

11

**CERTIFICATE OF SERVICE**

I hereby certify that on the 11th day of February 2025, the foregoing document was filed using the Court's CM/ECF system. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

*/s/ John T. Cox III*
John T. Cox III