# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF TEXAS
# DALLAS DIVISION

| | | |
|---|---|---|
| In re:<br><br>Highland Capital Management LP,<br><br>*Debtor,* | §<br>§<br>§<br>§<br>§<br>§ | Chapter 11<br><br>Case No. 19-34054-sgj11 |
| Charitable DAF Fund, L.P.,<br><br>*Plaintiff-Appellant,*<br><br>v.<br><br>Alvarez & Marsal CRF Management, LLC<br><br>*Defendant-Appellee.* | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | Case No. 3:25-cv-00236-L<br><br>*Adversary Proceeding No. 24-03073-sgj*<br>*United States Bankruptcy Court for the*<br>*Northern District of Texas,*<br>*Dallas Division* |

## DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR STAY PENDING APPEAL

**TABLE OF CONTENTS**

<u>Page</u>

I. LEGAL STANDARD ................................................................................................................1

II. ARGUMENT............................................................................................................................2

    1. DAF is not likely to succeed on the merits and does not even address the likelihood that it will be granted leave to appeal ......................................................2

    2. DAF would not be irreparably injured in the absence of a stay...............................4

    3. DAF fails to show that the balance of harms favors granting a stay .......................6

    4. A stay does not serve the public interest..................................................................6

III. CONCLUSION.........................................................................................................................8

## TABLE OF AUTHORITIES

Page(s)

### Cases

*ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*,
  361 B.R. 337 (S.D.N.Y. 2007) ..................................................................................... 6

*Auto Parts Mfg. Miss. Inc. v. King Constr. of Hous., LLC*,
  258 F. Supp. 3d 740 (N.D. Miss. 2017), *aff'd sub nom. Auto Parts Mfg. Miss.,
  Inc. v. Kohn Law Group, Inc.*, 725 Fed. Appx. 305 (5th Cir. 2018) ........................... 1

*Barber v. Bryant*,
  833 F.3d 510 (5th Cir. 2016) .................................................................................. 1, 5

*Beame v. Friends of the Earth*,
  434 U.S. 1310 (1977) .................................................................................................. 4

*In re Blockfi, Inc.*,
  No. AP 23-01144 (ABA), 2024 WL 358112 (Bankr. D.N.J. Jan. 30, 2024) .......... 1, 2, 6

*Buntion v. Lumpkin*,
  31 F.4th 952 (5th Cir. 2022) ....................................................................................... 2

*In re Charmoli*,
  651 B.R. 529 (Bankr. E.D. Wis. 2023) ....................................................................... 3

*Clark-Dietz & Assoc. v. Basic Construction*,
  702 F.2d 67 (5th Cir. 1983) ........................................................................................ 3

*DDB Techs., L.L.C. v. MLB Advanced Media, L.P.*,
  676 F. Supp. 2d 519 (W.D. Tex. 2009) .................................................................. 7, 8

*Drummond v. Fulton Cnty. Dep't of Family & Children's Servs.*,
  532 F.2d 1001 (5th Cir. 1976) .................................................................................... 5

*In re Enron*,
  2006 WL 2400411 (Bankr. S.D.N.Y. 2006) ............................................................... 2

*Equity Comm. v. Idearc, Inc.*,
  No. 09-CV-2315-F, 2010 WL 11618165 (N.D. Tex. May 14, 2010) ......................... 3

*In re First S. Savings Ass'n*,
  820 F.2d 700 (5th Cir. 1987) .................................................................................. 1, 2

*In re Frascella Enters., Inc.*,
  388 B.R. 619 (Bankr. E.D. Pa. 2008) ......................................................................... 2

*Gonannies, Inc. v. Goupair.Com, Inc.*,
  464 F. Supp. 2d 603 (N.D. Tex. 2006) ................................................................... 4, 5

*In re Google Digital Advert. Antitrust Litig.*,
  688 F. Supp. 3d 1377 (U.S. Jud. Pan. Mult. Lit. 2023) ..............................................................4

*McCammon v. United States*,
  584 F. Supp. 2d 193 (D.D.C. 2008) ..........................................................................................1

*Mohawk Indus., Inc. v. Carpenter*,
  558 U.S. 100 (2009) ..................................................................................................................7

*In re Mounce*,
  2008 WL 2714423 (Bankr. W.D. Tex. July 10, 2008) ..............................................................3

*Nken v. Holder*,
  556 U.S. 418 (2009) .......................................................................................................1, 2, 5, 6

*ODonnell v. Harris Cnty.*,
  260 F. Supp. 3d 810 (S.D. Tex. 2017) ......................................................................................4

*In re Permian ER II, LLC*,
  No. MO:18-CV-00080-DC, 2019 WL 13254194 (W.D. Tex. Mar. 20, 2019) .........................3

*In re Permian Prods. Drilling, Inc.*,
  263 B.R. 510 (W. D. Tex. 2000) ...........................................................................................1, 5

*PSARA Energy, LTD v. SPACE Shipping, Ltd.*,
  No. 3:17-CV-01811(VAB), 2017 WL 6629267 (D. Conn. Nov. 30, 2017) .........................6, 7

*In re Quade*,
  496 B.R. 520 (Bankr. N.D. Ill. 2013) .......................................................................................7

*Rosenzweig v. Azurix Corp.*,
  332 F.3d 854 (5th Cir. 2003) ....................................................................................................4

*State of Tex. v. U.S. Forest Serv.*,
  805 F.2d 524 (5th Cir. 1986) ....................................................................................................2

*In re Stewart*,
  604 B.R. 900 (Bankr. W.D. Okla. 2019) ..................................................................................6

*In re Turner*,
  No. CIV. A. 96-1102, 1996 WL 162110 (E.D. La. Apr. 3, 1996) ............................................3

*Winter Storm Shipping Ltd. v. TPI*,
  198 F. Supp. 2d 385 (S.D.N.Y. 2002) ......................................................................................7

Defendant Alvarez & Marsal CRF Management, LLC ("A&M") files this opposition to Plaintiff Charitable DAF Fund, L.P.'s ("DAF") Motion for Stay Pending Appeal ("Motion"). For the reasons stated herein, DAF's Motion should be denied.

## I.   LEGAL STANDARD

"A stay is an 'intrusion into the ordinary processes of administration and judicial review'" because the parties are "entitled to the prompt execution of orders." *Auto Parts Mfg. Miss. Inc. v. King Constr. of Hous., LLC*, 258 F. Supp. 3d 740, 760 (N.D. Miss. 2017), *aff'd sub nom. Auto Parts Mfg. Miss., Inc. v. Kohn Law Group, Inc.*, 725 Fed. Appx. 305 (5th Cir. 2018) (citing *Nken v. Holder*, 556 U.S. 418, 434 (2009) (internal quotations and citation omitted)). Accordingly, "granting a stay pending appeal is always an extraordinary remedy, and . . . the moving party carries a heavy burden to demonstrate that the stay is warranted." *McCammon v. United States*, 584 F. Supp. 2d 193, 197 (D.D.C. 2008). Indeed, entry of a stay is not "a matter of right, even if irreparable injury might otherwise result to the appellant." *Nken*, 556 U.S. at 427.

To carry this heavy burden, the Fifth Circuit has held that a party who moves for a stay pending appeal must show that the balance of four factors weigh in favor of the stay: "(1) whether the movant has made a showing of likelihood of success on the merits; (2) whether the movant has made a showing of irreparable injury if the stay is not granted; (3) whether granting the stay would substantially harm the other parties; and (4) whether the granting of the stay would serve the public interest." *In re Permian Prods. Drilling, Inc.*, 263 B.R. 510, 515 (W. D. Tex. 2000) (citing *In re First S. Savings Ass'n*, 820 F.2d 700, 709 (5th Cir. 1987)).

"The first two factors of the traditional standard are the most critical." *Barber v. Bryant*, 833 F.3d 510, 511 (5th Cir. 2016) (citing *Nken*, 556 U.S. at 434). "The Court should employ a sliding scale approach related to those factors." *In re Blockfi, Inc.*, No. AP 23-01144 (ABA), 2024 WL 358112, at *2 (Bankr. D.N.J. Jan. 30, 2024) (citing *Nken*, 556 U.S. at 568–69); *see also, e.g.,*

1

*Buntion v. Lumpkin*, 31 F.4th 952, 958 (5th Cir. 2022) (denying stay where applicant failed to satisfy first factor*); State of Tex. v. U.S. Forest Serv.*, 805 F.2d 524, 527 (5th Cir. 1986) ("We must conclude that the State has not made a showing of likelihood of success on the merits or a substantial case in which the balance of the equities weighs heavily in favor of a stay.") "For example, if the chance of success is low and the likelihood of irreparable injury is also low, a stay should not be granted." *Blockfi*, 2024 WL 358112, at *2 (citing *Nken*, 556 U.S. at 568–69). "However, if the movant satisfies the first two factors, the Court should consider the harm to the non-moving parties and the public policy implications." *Id.* (citing *Nken*, 556 U.S. at 569).

## II.   ARGUMENT

DAF fails to carry its burden on each of the four factors courts consider in whether to grant a stay pending appeal.

**1. DAF is not likely to succeed on the merits and does not sufficiently address the likelihood that it will be granted leave to appeal**

"[G]reater weight is given to the first factor—the movant's likelihood of success." *Id.* (citing *First S. Savings Ass'n*, 820 F.2d at 709 n.10 (holding that in the absence of the movant's showing of a likelihood of success on the merits, a stay is warranted only if the balance of the remaining factors is heavily tilted in the movant's favor)). Courts have denied to grant a stay where the first factor was not satisfied without analyzing the other three factors *See e.g., Buntion*, 31 F.4th at 958 (denying stay where applicant failed to satisfy first factor).

Because DAF moves to stay proceedings due to seeking leave to appeal an interlocutory order of the bankruptcy court, DAF "must first establish there is a likelihood that the District Court will even grant leave to appeal. Then, [DAF] must establish the likelihood of success on the underlying merits of its appeal." *Blockfi*, 2024 WL 358112, at *3 (citing *In re Frascella Enters., Inc.*, 388 B.R. 619, 623 (Bankr. E.D. Pa. 2008) (quoting *In re Enron*, 2006 WL 2400411, at *1

(Bankr. S.D.N.Y. 2006) ("Where, as here, the order being appealed is interlocutory, the relevant "likelihood of success" looks to whether "the District Court will grant the Defendants' leave to file an interlocutory appeal, not the possibility that the Defendants will succeed on the merits of that appeal."))); *In re Charmoli*, 651 B.R. 529, 533 (Bankr. E.D. Wis. 2023); *In re Mounce*, 2008 WL 2714423 at *2-3 (Bankr. W.D. Tex. July 10, 2008). DAF has done neither.

DAF treats the first requirement—the likelihood that this Court will grant leave to appeal—so flippantly that it consigned its entire argument to a footnote without a shred of legal support. Mot. at 6 n.4. It baselessly asserts that "the reasons that demonstrate likelihood of success on the merits are the reasons that influence why the Court should accept the interlocutory appeal." *Id*. Except they aren't. Challenging subject matter jurisdiction does not automatically warrant a grant of interlocutory appeal. Fifth Circuit district courts have repeatedly denied leave to appeal bankruptcy court orders concerning subject matter jurisdiction. *See, e.g., In re Permian ER II, LLC*, No. MO:18-CV-00080-DC, 2019 WL 13254194, at *6 (W.D. Tex. Mar. 20, 2019); *Spencer ad hoc Equity Comm. v. Idearc, Inc.*, No. 09-CV-2315-F, 2010 WL 11618165, at *2 (N.D. Tex. May 14, 2010). This is because courts are "wary of granting interlocutory appeals and will only do so in 'exceptional situations where allowing such an appeal would avoid protracted and expensive litigation.'" *Permian ER II*, 2019 WL 13254194, at *6 (citing *In re Turner*, No. CIV. A. 96-1102, 1996 WL 162110, at *1 (E.D. La. Apr. 3, 1996) (citing *Clark-Dietz & Assoc. v. Basic Construction*, 702 F.2d 67, 69 (5th Cir. 1983)).

For the second requirement of its likelihood of success on the merits—the only requirement DAF addresses substantively—the thrust of its argument merely rehashes the arguments in its prior motions, alleging that the Court's assertion of jurisdiction was based "on a hypothetical defense." Mot. at 10. As the Fifth Circuit has counseled, "a motion to stay should not be used to relitigate

3

matters." *ODonnell v. Harris Cnty.*, 260 F. Supp. 3d 810, 815 (S.D. Tex. 2017) (citing *Rosenzweig v. Azurix Corp.*, 332 F.3d 854, 863–64 (5th Cir. 2003)).  DAF's assertion that "there is nothing that can occur in this litigation or that can be an effect of this litigation that would or could have any effect on the Highland bankruptcy or the Plan" and that the bankruptcy court exercised "clairvoyance" to find subject matter jurisdiction merely repeat the arguments it previously made in its motion for remand.  Mot. at 8–9.  This tactic has failed to convince courts that a movant is likely to succeed on the merits.  *In re Google Digital Advert. Antitrust Litig.*, 688 F. Supp. 3d 1377, 1380 (U.S. Jud. Pan. Mult. Lit. 2023) (denying motion to stay remand to Eastern District of Texas pending appeal of remand order and finding that Google was not likely to succeed on merits due to "largely repeat[ing] the arguments" it made in prior remand briefing).

For the same reasons cited by the bankruptcy court in its opinion accompanying its denial of DAF's motion for remand and in A&M's opposition to DAF's motion, both incorporated here by reference, DAF is unlikely to succeed on the merits.

**2. DAF would not be irreparably injured in the absence of a stay**

Arguably the most glaring fact weighing against DAF's contention that it would suffer irreparable injury absent a stay is one on which its motion is silent—that it waited more than *two weeks* after the bankruptcy court denied its request for a stay before petitioning this Court for the same relief.  DAF's silence speaks volumes.  As the Supreme Court has held, delay in "seeking a stay vitiates much of the force of [the plaintiff's] allegations of irreparable harm."  *Beame v. Friends of the Earth*, 434 U.S. 1310, 1313 (1977) (declining to find irreparable harm where applicants waited 20 days after filing certiorari petition to seek a stay).  This is because "[t]he law is well-established" that delay "demonstrate[s] that there is no apparent urgency" to a request for equitable relief.  *Gonannies, Inc. v. Goupair.Com, Inc.*, 464 F. Supp. 2d 603, 609 (N.D. Tex. 2006) (citation omitted).  Courts' disapproval of "undue delay" is so strong that delay alone has been

deemed "sufficient to rebut any possible presumption of irreparable harm." *Id.* (collecting cases). No such presumption exists here, so DAF's delay all but forecloses its claim of irreparable harm.

As far as what DAF *does* address, DAF hinges its argument that it would suffer irreparable injury on its contention that it "will be forced to litigate a case . . . in a federal bankruptcy court that lacks jurisdiction to hear it." Mot. at 12. But what DAF complains about is simply the ordinary and necessary costs of litigation. It is *always* true that a party could claim to have needlessly incurred litigation expenses where a court refuses to dismiss a case, only to have that decision later reversed on appeal. But DAF does not explain why a litigant is entitled to a stay and an interlocutory appeal every time a decision does not go its way. Instead, without citing any law, DAF asserts that "subject matter jurisdiction is different." *Id.* at 13. How so? One can only guess. DAF vaguely alludes to "greater harms at issue here than mere litigation costs," but stops short of explaining *what those harms are. Id.* at 14. DAF is counting on this Court taking its word for it, because they simply do not exist.

Courts in the Fifth Circuit have denied a stay even when the plaintiff showed irreparable harm would occur. *Permian,* 263 B.R. at 523 (denying motion to stay bankruptcy court order pending appeal); *Drummond v. Fulton Cnty. Dep't of Family & Children's Servs.*, 532 F.2d 1001, 1002 (5th Cir. 1976) ("Even if we assume that the [applicants] have shown that without a stay they will suffer irreparable injury, they have failed to show that the other three requirements of the standard are satisfied in this case."). As courts have explained, "A stay is an intrusion into the ordinary processes of administration and judicial review, and accordingly is not a matter of right, even if irreparable injury might otherwise result to the appellant." *Barber*, 833 F.3d at 511 (citing *Nken*, 556 U.S. at 427 (quotation marks and citation omitted)). DAF's failure to show irreparable harm, then, makes an even stronger case for denying its motion to stay.

5

Coupled with its low likelihood of success on the merits, its failure to show irreparable harm puts DAF's motion to stay squarely within the scenario warranting certain denial: "[I]f the chance of success is low and the likelihood of irreparable injury is also low, a stay should not be granted." *Blockfi*, 2024 WL 358112, at *2 (citing *Nken*, 556 U.S. at 568–69). The Court should consider the remaining factors *only* if the first two are satisfied. *Id.* (citing *Nken*, 556 U.S. at 569). Nevertheless, A&M addresses them below.

### 3. DAF fails to show that the balance of harms favors granting a stay

To satisfy its burden on the third factor, "the moving party must show that the balance of harms tips in favor of granting the stay." *In re Stewart*, 604 B.R. 900, 908 (Bankr. W.D. Okla. 2019) (quoting *ACC Bondholder Grp. v. Adelphia Commc'ns Corp. (In re Adelphia Commc'ns Corp.)*, 361 B.R. 337, 349 (S.D.N.Y. 2007). DAF has made no such showing, making only unsupported accusations about A&M's "primary motivation" in removing this case to this Court and speculating on future action A&M would take with regard to this litigation. *See* Mot. at 14–15.

### 4. A stay does not serve the public interest

DAF's seminal authority for its one-sentence argument on this fourth factor counsels that there is a public interest in not having the Court exercise authority over parties over whom it lacks jurisdiction. *Id.* at 15. It fails to disclose that the case it cites for this proposition itself relies word for word on an unpublished case outside the Fifth Circuit. *Id.* Further, that maritime case, *PSARA Energy, LTD v. SPACE Shipping, Ltd.*, No. 3:17-CV-01811(VAB), 2017 WL 6629267 (D. Conn. Nov. 30, 2017), is easily distinguishable.

The *PSARA* court was considering whether to stay its ruling to release a maritime attachment. A maritime attachment is a type of remedy used to obtain prejudgment security and jurisdiction for claims against an otherwise absent defendant, and to assure satisfaction of

6

judgment if the underlying claims are ultimately successful. These procedures are important to the fundamentally transient maritime industry because, without them, "defendants, their ships, and their funds could easily evade the enforcement of substantive rights of admiralty law." *Winter Storm Shipping Ltd. v. TPI*, 198 F. Supp. 2d 385, 387 (S.D.N.Y. 2002). Specifically, when considering the public interest factor, the *PSARA* court noted the "far-reaching ramifications" of a "proposed rule—that attachment of a third-party's debts might proceed without consideration of whether the third party was within the jurisdiction of the court." *PSARA*, 2017 WL 6629267, at *4.

*PSARA* and the considerations it raised could not be more different from the public interests at issue in this case, namely "judicial economy and preventing unreasonably prolonged proceedings." *See, e.g., In re Quade*, 496 B.R. 520, 530 (Bankr. N.D. Ill. 2013) ("further delay during an appeal may negatively impact the public interest by extending litigation past a reasonable time"). The Supreme Court has held that "[p]ermitting piecemeal, prejudgment appeals . . . undermines 'efficient judicial administration' and encroaches upon the prerogatives of courts [to] manag[e] ongoing litigation." *Mohawk Indus., Inc. v. Carpenter*, 558 U.S. 100, 106 (2009). DAF's requested stay therefore does not serve the public interest.

The only other case DAF cites for this factor is inapposite. *DDB Techs., L.L.C. v. MLB Advanced Media, L.P.* was a patent infringement case in which the court considered only whether to certify the question of patent ownership for appeal to a higher court, not whether a stay served the public interest. 676 F. Supp. 2d 519, 532–33 (W.D. Tex. 2009). The court stayed the case before it only as a byproduct of its finding on the certification question for appeal to a higher court. *Id.* at 533. By contrast, DAF's pending motion for leave to appeal before this Court seeks to appeal to *this* Court, not any other, and asks this Court not to stay the case before it, but to wrest from the

7

bankruptcy court litigation that that court has—after thorough motion practice and a hearing lasting more than an hour—ruled should continue to proceed there. Mot. Ex. A at 43. DAF does not and cannot explain how such attempted gamesmanship with federal procedure is within the public interest.

### III. CONCLUSION

A&M respectfully requests that the Court deny DAF's Motion for Stay Pending Appeal.

Dated: March 20, 2025

Respectfully submitted,

By: */s/ John T. Cox III*
John T. Cox III
Texas Bar No. 24003722
Andrea Calhoun
Texas Bar No. 24116697
GIBSON, DUNN & CRUTCHER LLP
2001 Ross Avenue, Ste. 2100
Dallas, Texas 75201-2923
Telephone: (214) 698-3256
Facsimile: (214) 571-2923
TCox@gibsondunn.com
acalhoun@gibsondunn.com


Marshall King (*Pro Hac*)
GIBSON, DUNN & CRUTCHER LLP
200 Park Avenue
New York, NY 10166
Telephone: (212) 351-3905
Facsimile: (212) 351-5243
mking@gibsondunn.com

*Counsel for Defendant*

**CERTIFICATE OF SERVICE**

      I hereby certify that on the 20th day of March 2025, the foregoing document was filed using the Court's CM/ECF system. In addition, (1) the filing is available for viewing and downloading via the CM/ECF system, and (2) the CM/ECF system will send notification of this filing to all attorneys of record who have registered for CM/ECF updates.

      */s/ John T. Cox III*
      John T. Cox III